UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABDELAZIZ HAMZE,

        Plaintiff,

v.                                                      Case No. 3:26-cv-1436-MMH-PDB

SERGEANT TYLER PENDER,
et al.,

        Defendants.

_____

### **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Abdelaziz Hamze, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1) and two motions, including a Motion for Urgent Screening and Injunctive Relief due to Imminent Life-Threatening Danger (Motion; Doc. 3).[1] Hamze alleges in his Complaint that the administration at Columbia Correctional Institution (CCI) "pos[es] an imminent danger to [his] life" because officers and other inmates have been allowed to physically abuse him for writing grievances. See Complaint at 9–10.

He mentions the following incidents: on January 22, 2025, Officer-Defendant Pender became agitated with him, destroyed his personal property,

---

[1] The other motion is a request to proceed as a pauper (Doc. 2).

and said he would "kill [Hamze] if [Hamze didn't] kill his cellmate"; on September 17, 2025, Officer Rainey slammed Hamze's head into a wall; on September 27, 2025, Officer-Defendants Pender and Holmes physically attacked Hamze for allegedly calling a female officer a "whore"; on January 15, 2026, Officer-Defendant Hodge "addressed [Hamze] in a hostile manner" and told Hamze that the Warden said Hamze would be retaliated against any time he filed a grievance; also on January 15, 2026, Officer-Defendant Camacho "gas[sed]" Hamze for writing grievances, even though Hamze was known to have a respiratory disorder; and on January 22, 2026, Officer-Defendant Camacho incited "other inmates to physically assault [him]." Id. at 6–9. Hamze claims to have "evidence" that Warden Swain was "directly responsible for all of the [described] incidents of reprisal," but he also says that Swain was fired as the Warden of CCI on February 5, 2026. Id. at 9–10.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of other actions previously brought by Hamze that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:13-cv-301 MCR-EMT (N.D. Fla.) (abuse of the judicial process); (2) 09-60876-CIV ZLOCH (S.D. Fla.) (failure to prosecute); and (3) 09-CV-60966 DIMITROULEAS (S.D. Fla) (failure to state a claim).[2] Hamze asserts in both his Complaint and Motion for injunctive relief that he is in imminent danger. See Complaint at 10; Motion at 1. But his allegations of past harm and speculation about future harm do not satisfy the standard.[3] See, e.g., Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under [§] 1915(g)."); see also Sutton v. Dist. Attorney's Off., Gwinnett Super. Ct., Ga., 334 F. App'x 278, 279 (11th Cir. 2009) (holding that generalized assertions of fear, anxiety, and danger are

---

[2] Hamze is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See 3:16-cv-1217-MMH-PDB (M.D. Fla. Sept. 26, 2016).

[3] Hamze raised many of these same allegations previously, and the Court dismissed his Complaint for failure to satisfy the imminent danger exception. See 3:26-cv-201-MMH-PDB (M.D. Fla. Feb. 2, 2026).

"insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (quoting <u>Brown</u>, 387 F.3d at 1350)).

Because Hamze has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice and his Motion for injunctive relief will be denied. Hamze may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405.00 filing fee.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. Hamze's Motion for injunctive relief (Doc. 3) is **DENIED**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

4

Jax-6
c:
Abdelaziz Hamze